In the case of *Barrett* v. *Van Pelt*, 268 U. S. 85, it was stated:

\* \* \* Being satisfied of the legislative intention, the court will not be prevented from giving that intention effect by a too rigid adherence to the very word and letter of the statute. \* \* \*

In the case of *Ozawa* v. *United States*, 260 U. S. 178, the court said:

It is the duty of this Court to give effect to the intent of Congress. Primarily this intent is ascertained by giving the words their natural significance, but if this leads to an unreasonable result plainly at variance with the policy of the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail. \* \* \*

We therefore hold that title VII does provide a judicial remedy for the recovery of amounts paid as compensating taxes under the Agricultural Adjustment Act, and that section 905 of the Revenue Act of 1936, divesting the Customs Court of jurisdiction over cases for the recovery of such taxes, violates no provision of the Constitution.

For the reasons hereinbefore stated, the Customs Court properly dismissed the involved protests for lack of jurisdiction over the same, and the judgment appealed from is *affirmed*.

NEUMANN-ENDLER, INC. *v.* UNITED STATES (MAJESTIC FORWARDING & SHIPPING CO., APPEARING AS PARTIES IN INTEREST) (No. 42 08)[1]

---

[1] C. A. D. 61.

United States Court of Customs and Patent Appeals, May 29, 1939

Lamb & Lerch (*John G. Lerch* and *Kenneth G. Osborn* of counsel) for appellant. *Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

*John R. Rafter* for Majestic Forwarding & Shipping Co., Parties in Interest. *Joseph P. Tumulty, John Walsh, Black, Varian & Simon* (*Alfred W. Varian, Herbert M. Simon*, and *John F. Varian* of counsel), *amici curiae* and on behalf of various importers.

[Oral argument April 14, 1939, by Mr. Lerch, Mr. Donohue, and Mr. Rafter]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The question raised in this case is whether certain hoods or hat bodies are dutiable under that portion of paragraph 1115 (b) of the Tariff Act of 1930 which provides for additional duties under certain conditions set forth in said paragraph which reads as follows:

(b) Bodies, hoods, forms, and shapes, for hats, bonnets, caps, berets, and similar articles, manufactured wholly or in part of wool felt, 40 cents per pound and 75 per centum ad valorem; and, in addition thereto, on all the foregoing, if pulled, stamped, blocked, or trimmed (including finished hats, bonnets, caps, berets, and similar articles), 25 cents per article.

The Collector of Customs of the port of New York classified the involved merchandise as being manufactured wholly or in part of wool felt and levied duty upon it at 40 cents per pound and 55 per centum ad valorem under said paragraph as modified by Presidential proclamation, T. D. 44715.

The action was brought by appellant, an American manufacturer, pursuant to section 516, subsections (b) and (c), which permits a domestic manufacturer or producer, after complying with certain formalities contained in the section to sue the United States in the United States Customs Court to establish a higher rate of duty than that imposed upon imported merchandise which is competitive with the merchandise of the domestic manufacturer or producer.

The pertinent portion of the protest reads:

Our objection to your action is based upon the contention that said wool hoods or other articles mentioned in paragraph 1115 (b) of the tariff act of 1930 are

dutiable at the higher rates provided for in said paragraph. More specifically, in addition to being dutiable at the rates above mentioned, said articles [the involved merchandise] are subject to the additional rate of 12½ cents per articles under the provisions of Treasury Decision 44715, modifying paragraph 1115 (b) of the tariff act of 1930.

In cases of this character the United States usually is but a formal party and the party in interest (the intervening importer) defends the classification of the collector. In the instant case, however, Government counsel took an active part in defense of the action of the collector whose classification that the articles were manufactured of wool felt was not a matter in issue and not properly before the court as will be hereinafter pointed out. From the judgment of the trial court overruling the protest this appeal was taken.

It will be observed that the protest is not directed against the action of the collector in classifying the merchandise as hoods, or hat bodies, manufactured of wool felt, but only against his not finding that the articles were pulled, stamped, blocked or trimmed, and, therefore, subject to additional duty.

As far as this case is concerned the imported merchandise consisted of bodies, hoods, forms or shapes for hats, bonnets, caps, berets, or similar articles manufactured wholly or in part of wool felt, as classified by the collector. This classification was not protested by the importer or anyone else at any time. Since no protest was filed against the classification, within the statutory time, therefore, the decision of the collector became final and conclusive upon all persons. Since the decision became final and conclusive no evidence can be offered to question it. While section 516 of the said act gives the right to the importer to appear and be heard, as a party in interest, we are of opinion that it does not permit the importer to question a classification that has become final.

In attempting to prove his case, counsel for appellant offered much evidence to the effect that the imported articles were manufactured of wool felt in a tariff sense. Counsel for the party in interest offered much opposing evidence. None of this evidence could prove or tend to prove the issue as made by the protest. Both appellant and the party in interest produced evidence on the proper issue, namely, as to whether or not the articles were pulled, stamped, blocked, or trimmed. No findings were made in the majority opinion of the trial court upon the issue properly before it, although the concurring opinion of one of the judges did so.

All members of the court below were of opinion that the imported merchandise herein was identical in form, substance, and method of making, to the articles involved in the case of *Cohn & Lewis* v. *United States*, 25 C. C. P. A. (Customs) 220, T. D. 49335. In that case we held that the goods were properly classifiable under paragraph 1115

(a) of the Tariff Act of 1930 for the reason that the wool felt of which the hoods or hat bodies were made "did not exist as an entity until the completion of these hat forms, and hence that the hat forms before us were not 'manufactured wholly or in part of wool felt,' under the facts and authorities."

The decision in that case was rendered over one year subsequent to the date of the protest herein but prior to the trial of the instant case. The trial court took the view that our decision in the *Cohn* case, *supra*, was controlling in this case and that, therefore, the merchandise herein was properly classifiable under paragraph 1115 (a) rather than paragraph 1115 (b) of the said act. Of course if the articles were not classified under 1115 (b) it made no difference whether or not they were pulled, stamped, blocked, or trimmed.

Following this reasoning, the court held that there was no question of additional duty under paragraph 1115 (b). If the case of *Cohn & Lewis*, *supra*, is applicable to the issue here the court below reached the right conclusion. But the issue here, as raised expressly in the protest, is not the issue that was presented in the *Cohn* case, *supra*. The issue here is simply whether or not the hoods or hat bodies, the classification of which became final as being manufactured in whole or in part of wool felt, were pulled, stamped, blocked, or trimmed.

The doctrine of *res judicata* has no application here and the doctrine of *stare decisis* cannot apply for the reason that the court is bound by pleadings which raise an issue here different from that found in the *Cohn* case, *supra*.

The judgment appealed from must, therefore, be reversed for the reason that it is not based upon proper findings of fact and conclusions of law although the record made is sufficient for such findings.

Accordingly the judgment of the United States Customs Court is *reversed* and the cause is *remanded* for the purpose of making proper findings consistent with this opinion.